UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CT-3121-BO

| | |
|---|---|
| TIMOTHY ANSEL, Plaintiff, | ) ) ) |
| v. | ) ) ORDER |
| BETTY BROWN, et al., Defendants. | ) ) ) |

On May 20, 2013, plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the court for a frivolity determination. 28 U.S.C. § 1915(e)(2). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." A claim is frivolous where it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The matter shall be allowed to proceed against both defendants, Betty Brown and John Does of the Religious Practices Committee Members.[1]

Additionally, plaintiff seeks a temporary restraining order [D.E. 5 and 9]. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to

---

[1] John does are not favored in the federal courts. See, e.g., Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 2000 WL 903896, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision); see Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982) (suits against unnamed defendants are permissible only against "real, but unidentified, defendants"). However, the individuals who comprise the Religious Practices Committee appear to be identifiable. Thus, plaintiff may seeks to amend the complaint to add the individual committee members if, after limited discovery, the names are known.

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). Ansel has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest.

Accordingly, the Clerk is DIRECTED to maintain management of the case. The motion for a temporary retraining order is DENIED [D.E. 5 and 9].

SO ORDERED, this the 23 day of October 2013.

TERRENCE W. BOYLE
United States District Judge